IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| TONY and DOROTHY TURNER, | * |
| Plaintiffs, | * |
| vs. | *   CIVIL CASE NO. CV-05-136 |
| AMERICAN INTERNATIONAL GROUP, INC; AMERICAN GENERAL CORPORATION; AMERICAN GENERAL FINANCE, INC.; CREDIT CENTERS, INC., d/b/a AMERICAN GENERAL FINANCE, INC.; MERIT LIFE INSURANCE COMPANY; YOSEMITE INSURANCE COMPANY; KATHIE ROWELL; CONNIE FARMER; and Fictitious Defendants "A", "B", and "C", whether singular or plural, those other persons, corporations, firms, or other entities whose wrongful conduct caused the injuries and damages to the Plaintiffs, all of whose true and correct names are unknown to Plaintiffs at this time, but will be substituted by amendment when ascertained, | * |
| Defendants. | * |

## COMPLAINT

### STATEMENT OF THE PARTIES

1. This court has subject matter and personal jurisdiction over the Defendants. Venue is proper in Macon County, Alabama.

2. Plaintiff Tony Turner is an adult resident citizen of Macon County, Alabama.

3. Plaintiff Dorothy Turner is an adult resident citizen of Macon County, Alabama.

4. Defendant American General Finance, Inc. is a domestic corporation, who does business by agent in Macon County, Alabama. This Defendant is the agent, a subsidiary, sister corporation, and/or the "alter-ego" of one or more Defendants.

1

5. Defendant American International Group, Inc. is a foreign corporation who does business by agent in Macon County, Alabama. This Defendant is the agent, a subsidiary, sister corporation, and/or the "alter-ego" of one or more Defendants.

6. Defendant American General Corporation is a foreign insurance Company who does business by agent in Macon County, Alabama. This Defendant is the agent, a subsidiary, sister corporation, and/or the "alter-ego" of one or more Defendants.

7. Defendant Merit Life Insurance Company is a foreign insurance company who does business by agent in Macon County, Alabama. This Defendant is the agent, a subsidiary, sister corporation, and/or the "alter-ego" of one or more Defendants.

8. Defendant Yosemite Insurance Company is a foreign corporation who does business by agent in Macon County, Alabama. This Defendant is the parent corporation, agent, a subsidiary, sister corporation, and/or the "alter-ego" of one or more Defendants.

9. Defendant Kathie Rowell is over the age of nineteen (19) and is a resident of Lee County, Alabama.

10. Defendant Connie Farmer is over the age of nineteen (19) and is a resident of Lee County, Alabama.

11. Fictitious Defendants "A", "B", and "C", whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to the Plaintiffs, all of whose true and correct names are unknown to Plaintiffs at this time, but will be substituted by amendment when ascertained.

12. Plaintiffs' claims are brought solely under Alabama law, and Plaintiffs state they do not bring any claim and/or disclaim any and all claims under any Federal laws, statutes, or regulations.

## STATEMENT OF THE FACTS

13. In or about the year 1995 and other occasions, Plaintiff entered into several loans with Defendants at which time Defendants Kathie Rowell and Connie Farmer, while acting as agent for all Defendants fraudulently represented to them that if they purchased the credit insurance offered them, their credit score/rating would be better and that they stood a better chance of getting approved for the loan they requested.

14. On or about the same dates, Defendants advised Plaintiffs that if they paid off their other debts and consolidated them with the loan that was issued they would save money.

15. Defendants also advised Plaintiffs that if they refinanced their previous loans into a single loan, that would be the best way for them to save money. Defendants refused to allow Plaintiffs to have a separate loan.

16. Defendants advised Plaintiffs that purchasing the credit insurance offered was a good deal and offered great value and protection.

17. Defendants had a duty to Plaintiffs to give them good advice and they failed to do so, to Plaintiffs' detriment.

18. Based on each of the representations made by Defendants, Plaintiffs agreed to purchase the credit insurance offered, refinance their loan and consolidate their other debts.

19. Defendants' conduct under the circumstances was intentional and amounts to actual malice.

20. Plaintiffs discovered the fraud within two (2) years of filing this lawsuit.

21. Defendants entered into a pattern or practice of fraudulent conduct that included the fraud practiced on Plaintiffs.

22. At all times material hereto, Plaintiffs depended on Defendants to advise them as to all loan requirements and insurance matters. Defendants had superior knowledge and bargaining power over Plaintiffs.

23. The conduct by Defendants was intentional, gross, wanton, malicious, and/or oppressive.

## COUNT ONE

24. Plaintiffs allege all prior paragraphs of the Complaint as if set out here in full.

25. Defendants made the aforementioned fraudulent representations that they knew were false, or should have known were false, and intended for Plaintiffs to rely on said false representations.

26. Plaintiffs did rely on the representations made by Defendants and due to Defendants' fraudulent misrepresentation of material facts, Plaintiffs were induced to act as previously described.

27. As a proximate consequence of Defendants' actions, Plaintiffs were injured and damaged in at least the following ways: they paid money for insurance they did not want, they lost interest on said money, they paid excessive interest on their loans and accounts they otherwise would not have had to pay, they lost interest on the money attributed to the unnecessary payments, they have suffered mental anguish and emotional distress; and has otherwise been injured and damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNT TWO

27.     Plaintiffs allege all prior paragraphs of the Complaint as if set out here in full.

28.     Defendants negligently and/or wantonly hired, trained, and supervised Defendants Kathie Rowell and Connie Farmer and their agents, alter-egos and/or representatives responsible for advising Plaintiffs of the loan and insurance benefits and all other requirements.

29.     As a proximate consequence of Defendants' actions, Plaintiffs were injured and damaged as alleged herein.

WHEREFORE, Plaintiffs demand judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNT THREE

30.     Plaintiffs allege all prior paragraphs of the Complaint as if set out here in full.

31.     Plaintiffs were not experienced in insurance and finance matters and placed a special trust and confidence in Defendants and consequently relied upon Defendants to properly advise them with respect to such matters.

32.     Defendants undertook a duty to advise Plaintiffs, held themselves out as experts, and as persons interested in Plaintiffs' well-being, and generally exhibited behavior inconsistent with the typical debtor-creditor relationship.

33.     As a result of the aforementioned actions, Defendants conduct amounts to a breach of their individual, contractual, professional and fiduciary obligations and duties to Plaintiffs. Said conduct further amounts to a breach of the duties that arise as a matter of Alabama law.

34. As a proximate consequence of the Defendants breach, Plaintiffs were injured and damaged as alleged herein.

WHEREFORE, Plaintiffs demand judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

## COUNT FOUR

35. Plaintiffs allege all prior paragraphs of the Complaint as if set out here in full.

36. Defendants negligently and/or wantonly made the aforementioned representations to Plaintiffs.

37. Said action was a breach of the duty owed Plaintiffs.

38. As a proximate consequence of said actions, Plaintiffs were injured and damaged as described herein.

WHEREFORE, Plaintiffs demand judgment against Defendant in such an amount of compensatory and punitive damages as a jury deems reasonable and may award, plus costs.

---

JERE L. BEASLEY (BEA020)
TOM METHVIN (MET003)
C. LANCE GOULD (GOU007)
Attorneys for Plaintiffs

**OF COUNSEL:**
**BEASLEY, ALLEN, CROW,**
**METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Montgomery, Alabama 36104
Telephone No.: (334) 269-2343
Facsimile No.: (334) 954-7555

6

**PLAINTIFFS REQUEST TRIAL BY STRUCK JURY
OF ALL ISSUES PRESENTED BY THIS CAUSE**

_____
OF COUNSEL