IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TONY and DOROTHY TURNER, | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 3:05-CV-753-M |
| | ) |
| AMERICAN INTERNATIONAL GROUP, | ) |
| INC.; AMERICAN GENERAL CORPORATION; | ) |
| AMERICAN GENERAL FINANCE, INC.; | ) |
| CREDIT CENTERS, INC., d/b/a AMERICAN | ) |
| GENERAL FINANCE, INC.; MERIT LIFE | ) |
| INSURANCE COMPANY; YOSEMITE | ) |
| INSURANCE COMPANY; KATHIE ROWELL; | ) |
| CONNIE FARMER; and Fictitious Defendants | ) |
| "A", "B", and "C", whether singular or plural, | ) |
| those other persons, corporations, firms, or other | ) |
| entities whose wrongful conduct caused the injuries | ) |
| and damages to the Plaintiff, all of whose true and | ) |
| correct names are unknown to Plaintiffs at this time, | ) |
| but will be submitted by amendment when ascertained, | ) |
| | ) |
| Defendants. | ) |

**BRIEF IN SUPPORT OF MOTION TO REMAND**

Plaintiffs, for the reasons set forth below, urge this Honorable Court to remand this action to the Circuit Court of Macon County, Alabama.

**Introduction/Background**

Plaintiffs instituted this state court action against Defendants American International Group, Inc., American General Corporation, American General Finance, Inc., American General Financial Services of Alabama, Inc., Merit Life Insurance Company, Yosemite Insurance Company, Kathie Rowell and Connie Farmer when the Complaint was filed in the Circuit Court

of Macon County, Alabama. Plaintiffs could not have originally filed this action in federal court, because Plaintiffs and Defendants Kathie Rowell and Connie Farmer (collectively "resident Defendants") are citizens of Alabama. Diversity jurisdiction does not exist because citizens of Alabama are on both sides of this litigation, and the "matter in controversy" is not "between . . . citizens of different States." 28 U.S.C. §1332.

In their Notice of Removal, Defendants alleged that the removal was proper under the diversity jurisdiction statute, 28 U.S.C. §1332, even though Plaintiffs and Defendants Kathie Rowell and Connie Farmer are Alabama residents. Defendants assert that Plaintiffs fraudulently added the Alabama resident Defendants in this case, and therefore removal from the state court was proper pursuant to 28 U.S.C. § 1441 (b) under the doctrine of fraudulent joinder. Plaintiffs oppose this removal and by way of their Motion to Remand respectfully submit that the removal was improper and this case is due to be remanded to the Circuit Court of Macon County, Alabama.

In the present case, the resident Defendants misrepresented and concealed material facts relating to the Plaintiffs' purchase of insurance in connection with the loan, including but not limited to, misrepresenting that if they purchased the credit insurance their credit score/rating would be better and that they stood a better chance of getting approved for the loan they requested. The Alabama resident Defendants gave Plaintiffs financial advice and wrongfully advised Plaintiffs that consolidating other debt into a refinanced loan would save them money and was in their best interest. The case at issue is one such that Plaintiffs detrimentally relied on the material representations and omissions of the Alabama resident Defendants. Furthermore, those fraudulent representations and omissions were intentional, wanton and committed with reckless disregard for the safety and rights of Plaintiffs.

In summary, casting all of the aforementioned facts in a light most favorable to Plaintiffs, it cannot be said that Plaintiffs have not stated a cause of action for fraudulent misrepresentation and fraudulent concealment, and failure to procure the proper coverage against the non-diverse Defendants or that as a matter of law, Plaintiffs' claims would be barred in a state court action.

### Legal Standard

Federal courts are courts of limited jurisdiction, and may only hear cases that they have been authorized to hear by either the Constitution or by the United States Congress. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994); Burns v. Windsor Ins. Co., 31 F.3d 1092 (1994). The burden of establishing federal jurisdiction is on the party seeking removal, and because removal raises significant federalism concerns, it must be strictly construed with all doubts resolved in favor of remand. Shamrock Oil & Gas. Corp. v. Sheets, 313 U.S. 100 (1941); Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996), cert. denied, 520 U.S. 1162, 117 S.Ct. 1349, 137 L.Ed. 2d 506 (1997); Burns v. Windsor Ins. Co., 31 F.3d at 1095 (Boyer v. Snap-on Tools Corp., 913 F.2d 108(3rd Cir. 1990)); Coker v. Amoco Oil Co., 709 F.2d 1433 (11th Cir. 1983); see also Stone v. Williams, 792 F.Supp. 749 (M.D. Ala. 1992). "A conclusionary allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet defendant's burden." Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319-20 (11th Cir. 2001).

## Argument

### A.   *Fraudulent Joinder*

In Triggs v. John Crump Toyota, Inc., 154 F.3d 1284(11th Cir. 1998), the Eleventh Circuit set forth three scenarios for fraudulent joinder as follows:

> The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant ... The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts ... [third] where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant.

Triggs at 1287. (internal citations omitted).

In Parks v. New York Times Company, 308 F.2d 474, 478 (5th Cir. 1962), the Circuit Court of Appeals for the Fifth Circuit set forth the rule which still applies today:

> We take the rule to be that there can be no fraudulent joinder unless it be clear that there can be no recovery under a law of the state on the cause alleged, or on the facts in view of the law as they exist when the petition to remand is heard. One or the other at least would be required before it could be said that there is no real intention to get a joint judgment, and that there was no colorable ground for so claiming.

Parks, 308 F.2d at 478.[1]  "A defendant must assert with particularity that a joinder is fraudulent and support the claim by **clear and convincing evidence**." Everett v. MTD Prods., Inc., 947 F. Supp. 441 (N.D. Ala. Nov. 21, 1996)(quoting Parks, 308 F.2d at 478)(emphasis added).

Defendants, as the moving party, "bear[] the burden of proving the joinder of the resident defendant was fraudulent." Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1556 (11th Cir. 1989); citing Coker v. Amoco Oil Co., 709 F.2d at 1440. The burden is a heavy one because if a

---

[1] Fifth Circuit decisions rendered prior to October 1, 1981, are binding authority in this Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*)

4

**possibility** exists that a state court could find that the complaint states a cause of action against any one of the resident defendants, this Court must find that the joinder is proper and remand the case to the state court. Coker, 709 F.2d at 1440; citing Parks v. New York Times Co., 308 F.2d at 477-78. This burden requires the Court to evaluate the parties' factual allegations in the light most favorable to the Plaintiffs and must resolve all uncertainties about state substantive law in favor of the Plaintiffs. See id.

Defendants assert only the first type of fraudulent joinder. Specifically, Defendants claim that there is no possibility that Plaintiffs can establish a cause of action against the resident Defendants based on the assertion that Plaintiffs fails to state a cause of action against the non-diverse Defendants. Defendants must prove that there is no possibility that Plaintiffs can prove a cause of action against Defendants Kathie Rowell and Connie Farmer. See Fowler v. Provident Life and Accident Insurance Company, 256 F.Supp.2d 1243 (N.D. Ala. 2003). Casting all of the facts in a light most favorable to Plaintiffs, it cannot be said that Plaintiffs have not stated a cause of action for fraudulent misrepresentation, fraudulent concealment, or that as a matter of law, Plaintiffs' claims would be barred in a state court action. Therefore, Defendants Kathie Rowell and Connie Farmer are necessary parties and are not fraudulently joined.

Defendants assert that the resident Defendants have been fraudulently joined because the claims asserted against them are time barred and Plaintiffs could not have reasonably relied on the misrepresentations. Defendants argue that under Foremost Insurance Co. v. Parham, 693 So.2d 409 (Ala. 1997), "fraud claims accrue upon the earlier of: (1) actual discovery of the alleged fraud, or (2) the receipt of a document or contract alerting the plaintiff to the possibility of fraud." Therefore, under Foremost, Plaintiffs had notice of all of their claims on the date they obtained the loan, and since Plaintiffs obtained their loan(s) at issue more than two years before

filing this lawsuit, their claims against the non-diverse Defendants are time barred. Additionally, Defendants contend that Plaintiffs could not have reasonably relied on the misrepresentations made by the resident Defendants.

In Foremost, the Alabama Supreme Court concluded the justifiable reliance standard should be replaced with the reasonable reliance standard, most closely associated with Torres v. State Farm Fire & Casualty Co., 438 So.2d 755 (Ala. 1983). This standard allows the fact finder greater flexibility in determining the issue of reliance based on all circumstances surrounding the transaction, including the mental capacity, educational background, relative sophistication and bargaining power of the parties. This objective standard is also to be applied in determining statute of limitations issues in fraud cases. In the case at hand, Plaintiffs have no training regarding financial matters and Defendants have greater bargaining power. Plaintiffs have no reason to suspect that Defendants had misrepresented the true nature of the loan and insurance transactions. Additionally, the loan documents do not contradict the representations made by the Defendants, and Plaintiffs could not have discovered the misrepresentation by reading the loan documents. Even if the documents contradicted the representations, Plaintiffs could not have understood the loan documents due to their lack of sophistication in financial matters. Under the circumstances in the case at hand, a jury could find that Plaintiffs' claims are not time barred against the resident Defendants. Therefore, Plaintiffs' Motion to Remand is due to be granted.

Defendants, as the moving party, bear a heavy burden because if a **possibility** exists that a state court could find that the complaint states a cause of action against either of the resident Defendants, then this Court must find that the joinder is proper and remand the case to the state court. In the case at hand, Defendants failed to meet this heavy burden.

This Court remanded a nearly identical action holding:

6

> First, the court agrees with plaintiff that there has not been <u>fraudulent joinder</u> of any resident defendant (that is, plaintiff has colorable claims against such a defendant)(citations omitted). Second, the court agrees with plaintiff that there has not been <u>fraudulent misjoinder</u> of any resident defendant (that is, plaintiff has reasonably joined such a defendant with other defendants pursuant to Rule 20 of the Federal Rules of Civil Procedure)(citations omitted).

<u>Jacqueline Cox v. First Family Financial Services, Inc., et al.</u>, 03-T-1253-E (M.D.Ala. Feb. 12, 2004)(attached to Index of Exhibits as Exhibit "A").

Judge Albritton of the United States District Court for the Middle District of Alabama also remanded a nearly identical action. <u>John Guilford v. Citigroup, Inc., et al.</u>, Civ. Action No. 2:03cv1162-A (M.D.Ala. June 14, 2004)(attached to Index of Exhibits as Exhibit "B"). In <u>Guilford</u>, Judge Albritton held:

> The court has examined these loan documents and finds that the documents do not directly contradict the Plaintiff's allegations to the extent that there is no possibility that the state court could find that the fraud claim is not barred by the statute of limitations. Therefore, the court holds that the Plaintiff has not fraudulently joined the non-diverse Defendant, and thus this court does not have subject matter jurisdiction over the case.

The <u>Guilford</u> court granted the plaintiff's motion to remand despite evidence proffered by the defendants purporting to prove that the plaintiffs' loan documents contradicted her alleged misrepresentations.

Additionally, Judge Fuller of the United States District Court for the Middle District of Alabama remanded two nearly identical actions finding that the resident defendants were not fraudulently joined. <u>Clinton and Mozell Moore v. First Family Financial Services, Inc., et al.</u>, Civ. Action No. 2:03cv1254-F (M.D.Ala. September 24, 2004)(attached to Index of Exhibits as Exhibit "C") and <u>Clara Tolbert v. First Family Financial Services, Inc., et al.</u>, Civ. Action No. 2:04-cv-107-F (M.D.Ala. Nov. 5, 2004)(attached to Index of Exhibits as Exhibit "D").

7

Finally, the United States District Court for the Western District of Kentucky also remanded a nearly identical action. Howard and Janette Harpool v. Kentucky Finance Company, et al., Civil Action No. 1:03CV-179-R (W.D.Ky. Feb. 10, 2004) )(attached to Index of Exhibits as Exhibit "E"). In his Order, the Honorable Thomas B. Russell held:

> Defendants argue that all of the alleged misrepresentations were covered by the loan documents. (Dkt. #12). While the loan documents may have explicitly stated that credit insurance is not **required** to get a loan, telling the Plaintiffs that purchasing insurance would increase the likelihood of their getting a loan seems to be a different matter and not covered by the loan documents.

Id. at pp. 4-5. Judge Russell also granted the plaintiffs' motion to remand in spite of evidence presented by the defendants in that matter purportedly demonstrating that the loan documents contradicted the alleged misrepresentations.

Similar allegations that existed in the above-referenced decisions are made by Plaintiffs in this action. Each of these courts determined that Defendants' loan documents do not inform borrowers that the purchase of credit insurance will not improve the borrower's chance of obtaining loan approval. Moreover, as demonstrated previously in Plaintiffs' Motion to Remand, Plaintiffs' allegations in this matter consist of more than complaints surrounding the purchase of credit insurance. Accordingly, this action should be remanded.

Also, Defendants contend since Plaintiffs have not obtained service on the resident Defendants, then the resident Defendants' citizenship can not be considered. This argument was addressed in Beritiech v. Metropolitan Life Ins. Co., 881 F.Supp. 557 (S.D. Ala. 1995). The non-resident defendant removed the actions before the plaintiffs had served the non-diverse defendants. One of the plaintiffs served the non-diverse defendant prior to filing its motion to remand. The Honorable Judge Hand held that the non-diverse defendant's domicile must be

considered in determining the propriety of removal, even if the non-diverse defendant is served after removal. The court went on to hold:

> "Section 1441(b) therefore did not change the removal requirements set forth in Pullman that a court, in determining the propriety of removal based on diversity of citizenship, must consider all named defendants, **regardless of service**." Citing Percherski v. General Motors Corp., 636 F.2d 1156, 1160 (8th Cir. 1981).

supra at 560. In the case at hand, the citizenship of Defendants Kathie Rowell and Connie Farmer should be considered also. Therefore, remand is proper.

In Beritiech, the court noted that the removal statute was correctly construed in Pecherski v. General Motors Corp., 636 F.2d 1156 (8th Cir. 1981); Kelly v. Drake Beam Morin, Inc., 695 F.Supp. 354 (E.D.Mich. 1988); and Schwegmann Bros. Giant Super Markets, Inc., v. Pharmacy Reports, Inc., 486 F.Supp. 606 (E.D.La. 1980). These courts held that the district court must have original jurisdiction only then will the provisions of 28 U.S.C. § 1441(b) become operative. The prevailing view is the fact that a defendant has not been served is irrelevant to the courts' determination whether it has jurisdiction over the action based on complete diversity of citizenship. Therefore, the citizenship of all named parties must be considered, **regardless of service**.

### B.    Amount in Controversey

Defendants further contend that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. However, such a conclusory allegation that the jurisdictional amount is satisfied without supporting facts, is insufficient to meet Defendants burden. See Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319-20 (11th Cir. 2001). In cases removed to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332, if the complaint does not specify the amount of damages sought, the Defendant must prove by a preponderance of the

evidence that the amount in controversy exceeds the jurisdictional limit. Bolling v. Union National Life Insurance Co., 900 F. Supp 400, 403 (M.D. Ala. 1995). The only evidence presented by Defendants is that Plaintiffs seek compensatory and punitive damages and that other fraud cases in Alabama have received punitive and/or compensatory damage awards in excess of $75,000.00.

In Bennett v. American Medical Security, No. 02-D-120-N (M.D.Ala. Feb. 8, 2002)(DeMent, J.)(attached to Index of Exhibits as Exhibit "F"), defendants removed a case to federal court on the basis of diversity jurisdiction. The defendants asserted that the only non-diverse defendant had been fraudulently joined and because there was a claim for punitive damages the amount in controversy exceeded $75,000.00. The only evidence that defendants submitted in those actions was an assertion in their Notice of Removal that jury awards in cases on the same type of suit as the case sub judice routinely exceed $75,000.00. Judge DeMent held that the defendants failed to meet their burden of proving that the amount in controversy exceeded $75,000.00 and remanded the case to state court. This result has also occurred in other cases involving similar bald assertions regarding the amount in controversy. See Ronnie Register, et al. v. RUS of Auburn, et al., Civil Action Number 01-T-858-E in the United States District Court for Middle District of Alabama (March 26, 2002)(Thompson, J.)(holding that $2,000 actual damage claim could not satisfy amount in controversy even if punitive damages were awarded)(attached to Index of Exhibits as Exhibit "G"); Antonio Fabritis v. United Wisconsin Life Insurance Company, et al., Civil Action Number 02-T-820-N in the United States District Court for Middle District of Alabama (Nov. 1, 2002); Vivian Gadson v. United Wisconsin Life Insurance Company, et al., No. 02-T-793-N (M.D.Ala. Aug. 26, 2002). In the

10

case at hand, Defendants have similarly failed to meet their burden, therefore, this case is to due to be remanded.

### Conclusion

Based on the foregoing, Plaintiffs respectfully urge this Honorable Court to remand this action to the Circuit Court of Macon County, Alabama.

                /s/ Charles Lance Gould
                C. LANCE GOULD (GOU007)
                Attorney for Plaintiffs

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
Attorneys at Law
Post Office Box 4160
Montgomery, AL 36103-4160
(334) 269-2343
(334) 954-7555 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the original of the foregoing document in this Court with copies to be served upon all Counsel of record <u>as listed below</u> by placing a copy of same in the United States Mail, first class, postage prepaid on this the 6th day of September, 2005.


/s/ Charles Lance Gould
OF COUNSEL


**Attorney for Defendants American International Group, Inc. and American General Corporation:**

Jeffrey M. Grantham
John Thomas Aquina Malatesta, III
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203-2618
205-254-1035
Fax: 205-254-1999
Email: jgrantham@mcglaw.com
Email: jmalatesta@maynardcooper.com

**Attorneys for Defendants American General Financial Services, Inc.; American General Financial Services of Alabama, Inc..; Merit Life Insurance Co.; and Yosemite Insurance Company:**

David Elliott
Robert H. Rutherford
Matthew T. Mitchell
BURR & FORMAN LLP
Suite 3100 SouthTrust Tower
420 North 20th Street
Birmingham, AL 35203
Tel:   205-251-3000
Fax:   205-458-5100
Email: delliott@burr.com