IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **TONY and DOROTHY TURNER,** )<br>)<br>)<br>)<br>**Plaintiffs,** )<br>)<br>)<br>**v.** )<br>) **CIVIL ACTION NO. 3:05-CV-00753**<br>)<br>**AMERICAN INTERNATIONAL** )<br>**GROUP, INC.; et al.** )<br>)<br>)<br>)<br>**Defendants.** ) | |

### MOTION TO ALTER OR AMEND

COME NOW Defendants American General Financial Services of Alabama, Inc. (improperly designated as American General Finance Inc. in the complaint), as successor to American General Finance, Inc., Merit Life Insurance Company, and Yosemite Insurance Company (hereinafter collectively referred to as "Defendants"), by and through their undersigned counsel, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil procedure, and specifically preserving the right to seek arbitration pursuant to 9 U.S.C. § 1, *et seq.*, and pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, move the Court to alter or amend its Order of February 14, 2006, remanding this matter to the Circuit Court of Macon County.  As grounds, Defendants state as follows:

### I. PROCEDURAL HISTORY

The procedural history of this matter is critical to the basis of this motion.  Specifically, Plaintiffs commenced this action on July 7, 2005 by filing a complaint in the Circuit Court of Macon County, Alabama.  On August 8, 2005, Defendants removed the lawsuit to this Court

1438852

based upon, *inter alia*, diversity jurisdiction grounds under 28 U.S.C. § 1332(a). On September 6, 2005, Plaintiffs filed a Motion to Remand and supporting brief, arguing, *inter alia*, against the existence of diversity jurisdiction. Significantly, however, in neither the Motion to Remand nor the supporting brief did Plaintiffs argue that the Court should remand this matter pursuant to the "common defense" doctrine adopted by the Fifth Circuit Court of Appeals in Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568 (5th Cir. 2004).[1]

On September 6, 2005, this Court entered an Order requiring that all briefs in connection with Plaintiffs' Motion to Remand be filed on or before September 12, 2005. On September 9, 2005, Defendants filed a Motion for an Extension of Time to Respond to Plaintiff's Motion to Remand for the Purpose of Conducting Remand-Related Discovery ("Motion to Conduct Remand-Related Discovery"), and on September 12, 2005, as ordered by the Court, Defendants filed their Opposition to Plaintiffs' Motion to Remand ("Opposition to Remand"). Because Plaintiffs had not raised the "common defense" argument in his Motion to Remand or supporting brief, Defendants did not address that argument in the Opposition to Remand.

On September 13, 2005, this Court entered an Order requiring that all briefs related to Defendants' Motion to Conduct Remand-Related Discovery be filed on or before Friday, September 16, 2005. On September 16, 2005, Plaintiffs filed their Opposition to Defendants' Motion to Conduct Remand-Related Discovery. In that brief, Plaintiffs mentioned the decision in Smallwood for the first time in a two paragraph passage. Importantly, Plaintiffs raised that decision as grounds for denying remand-related discovery, <u>not</u> as grounds for remanding the lawsuit to state court. Because of the Court ordered deadline that all briefs be filed by that date,

---

[1] As set forth more fully below, the Eleventh Circuit Court of Appeals has never adopted the "common defense" doctrine, and since issuing the Smallwood opinion, the Fifth Circuit has significantly narrowed it.

1438852                                    2

Defendants did not have an opportunity to respond to that brief or the argument that the "common defense" doctrine precluded Defendants' need to conduct remand-related discovery. The following Monday, September 19, 2005, the Court entered an Order setting a hearing for Tuesday, September 20, 2005 on all pending motions. During that hearing, the Court entertained extensive arguments on both Plaintiffs' Motion to Remand and Defendants' Motion to Conduct Remand-Related Discovery. At no time during that hearing was the "common defense" doctrine raised. Thereafter, the Court took the motions under submission.

On February 14, 2006, the Court entered an Order remanding this matter to the Circuit Court of Macon County, citing the "common defense" doctrine to hold that the non-diverse individual defendants were not fraudulently joined, and as a result, that the Court could not exercise diversity jurisdiction. In the Order, the Court cited the Defendants' lack of response to that argument as a basis for the decision. (Remand Order, pp. 6-7, fn. 1). As set forth above, however, Plaintiffs never raised the "common defense" doctrine argument as a basis for remand, and Defendants were not given an opportunity to argue that issue in response to the Plaintiffs' opposition to Defendants' Motion to Conduct Remand-Related Discovery. Moreover, as set forth below, there are compelling and conclusive reasons that the "common defense" doctrine does not apply to this matter, and as a result, given the Defendants' lack of opportunity to address this issue originally, Defendants respectfully request the Court to reconsider its Order remanding this case to the Circuit Court of Macon County.

## II. The Fifth Circuit's Decision in Smallwood is Not Applicable in the Present Action.

The basis for Plaintiffs' argument under the "common defense" doctrine is that Defendants' claim of fraudulent joinder is "really an attack on the merits of the entire case", and that pursuant to Smallwood, a finding of fraudulent joinder may not be based on a defense that is common to all defendants and necessarily dispositive of all claims against all defendants. 385 F.3d at 574-75. Accordingly, under Smallwood, where defendants seek to prove fraudulent joinder by demonstrating the plaintiff's inability to recover against the in-state defendants:

> [a] showing that the plaintiff's case is barred as to all defendants is not sufficient. When the **only** proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, **and that showing is equally dispositive of all defendants** rather than to the in-state defendants alone, the requisite showing has not been made.

Id. at 575 (emphasis added).

Significantly, the Eleventh Circuit has not adopted the common defense exception in its fraudulent joinder analysis, and requires only that there be no possibility of recovery against the resident defendant for a finding of fraudulent joinder. See Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1305 (11th Cir. 2005) (citing Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998); Coker v. Amoco Oil, Co., 709 F.2d 1433, 1440 (11th Cir. 1983)). As such, the common defense exception does not apply to the present action and should not be considered during the fraudulent joinder analysis herein.

Even if applicable, the common defense exception affects only a very small class of cases. As the Fifth Circuit explained in Smallwood:

> [O]ur holding today is narrow. It applies only in that limited range of cases where the allegation of improper joinder rests **only** on a showing that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant **and that showing is equally dispositive of all defendants**.

Id. at 576 (emphasis added).[2]  The narrow scope of the common defense exception was underscored by the Fifth Circuit's subsequent decision in Rainwater v. Lamar Life Ins. Co., 391 F.3d 636 (5th Cir. 2004).  In a per curiam opinion, the Rainwater panel remanded the case before it to the district court for further analysis of whether the statute of limitations defense that barred claims against the in-state defendant was likewise "dispositive of **all** claims against **all** defendants."  Id. at 638.  (emphasis in original).  According to the Rainwater court, the case before it "turn[ed] … on whether the limitations defense that disposes of all claims against in-state defendants in fact disposes of **all** claims against **all** defendants, as the principle of Smallwood is triggered only when all defendants are reached."  Id. (emphasis added).

The common defense exception was further limited by the Fifth Circuit's recent decision in Boone v. CitiGroup, Inc., 416 F.3d 382 (5th Cir. 2005), a consumer finance suit with allegations virtually identical to those in the present action.  In Boone, consumer borrowers brought suit against a non-resident lender and its corporate affiliates, as well as individual residents of Mississippi for a variety of fraud claims.  Id. at 385-86.  The defendants removed the action to federal court on the ground that the non-diverse individual defendants had been fraudulently joined.  Id. at 388.  "In particular, CitiGroup argued that, in light of remand-related discovery, there was no reason to believe that any of [plaintiffs'] claims against the non-diverse [defendants] were timely under Mississippi's three-year statute of limitations."  Id. at 388-89.

---

[2] In Smallwood, the district court found improper joinder on the ground that the claims against the in-state defendant were preempted by federal law. See id. at 572. Having reached that conclusion, the court then applied "law of the case" and granted summary judgment for the out-of-state defendant on the ground that all the remaining claims were preempted as well. Id.  Thus, in Smallwood, the only basis for improper joinder was a legal defense —preemption—that as a matter of law also precluded all the claims against the other defendants. In the majority's view, because the resolution of the claims against the in-state defendant "**necessarily compel[led]** the same result for the nonresident defendant," then the defendant had shown merely "a lawsuit lacking in merit," rather than improper joinder. Id. at 574 (emphasis added).

"The district court agreed and denied remand primarily on the ground of limitations." Id. at 389. The plaintiffs appealed the district court's decision and argued that under Smallwood, there was no fraudulent joinder because the statute of limitations, if it precluded their claims against the non-diverse defendants, necessarily precluded their claims against all defendants. Id.

In denying the plaintiffs' appeal, the Fifth Circuit reiterated the narrow reach of the common defense exception and Smallwood, as well as their inapplicability to remand motions in consumer finance cases such as the present action:

> [T]he crux of Smallwood II's holding is that "only" where the showing that there is no reasonable basis for predicting state law would allow the plaintiff to recover against the resident defendant is such that the **same** showing "equally" and "necessarily" "compels" the conclusion that recovery is precluded against "all" non-resident defendants, then there is no improper joinder, but simply a wholly meritless suit. That is not the situation here.
>
> Although it is true that the district court denied remand and granted summary judgment on the basis of the same residual statute of limitations, it is not true that the statute of limitations defense assertion by the resident defendants "equally" and "necessarily" "compel[led]" dismissal of **all** claims against all the diverse defendants.
>
> \*   \*   \*
>
> Appellants underscored at oral argument that their claims against the diverse corporate defendants were not simply premised on vicarious liability for the tortious acts of the three non-diverse individual appellees working for First Family. However, in properly conceding that at least some of their claims against the non-resident defendants are analytically distinct from and in addition to their respondeat superior claims against those defendants based on the wrongs allegedly committed by the resident defendants, appellants have conceded that the failure of their claims against the resident defendants does not in and of itself cause those of which are not based on respondeat superior liability for the wrongs committed by the resident defendants to fail as well.

Id. at 390-92 (emphasis in original).

After <u>Boone</u>, it is clear that a defense precluding recovery against individual resident defendants does not "equally" and "necessarily" preclude recovery against corporate non-resident defendants where at least some of the claims against the corporate non-resident defendants are analytically distinct from and in addition to the claims against the individual resident defendants. <u>Id.</u> In its Order remanding this matter to state court, the Court held that Plaintiffs' "sole claim against the corporate defendants is for negligent and wanton hiring, training and supervision, which requires the finding the underlying tortious conduct by an employee before the employer can be held liable." (Remand Order, p. 7). Defendants respectfully submit that even assuming, *arguendo*, that the "common defense" doctrine applies in the Eleventh Circuit, the Court's rationale for applying it in these matters is incorrect.

Specifically, the claim for negligent and/or wanton hiring, training, and supervising is analytically distinct from and in addition to the claims against the individual resident defendants as such claims can *only* be asserted against the corporate non-resident Defendants. <u>See</u> <u>Bridges v. Principal Life Ins. Co.</u>, 141 F.Supp.2d 1337, 1340 n. 3 (M.D. Ala. 2001) (noting that claims of negligent supervision must necessarily be brought against the insurer and not against the insurer's agent). Moreover, the alleged tortious conduct at issue is the hiring, training and supervision by the corporate defendants of the employees, not the underlying alleged tortious conduct by the employee. It is a separate and distinct claim against the corporate defendants that involves separate and distinct defenses. Thus, even after a finding of fraudulent joinder in the present action, **at least** one claim would necessarily remain for separate disposition against the

corporate non-resident Defendants. This case therefore falls outside the purview of the common defense exception.[3]

Additionally, the applicable statute of limitations in the present action applies to each defendant severally, rather than jointly. See Weinstein v. Sea View, Inc., 188 F.2d 116, 119 n.6 (5th Cir. 1951). Accordingly, a court's resolution of claims against one defendant based on the statute of limitations does not necessarily compel the same result with regard to claims against another defendant.. Rather, a separate inquiry must be undertaken with regard to each defendant. For this additional reason, the narrow common defense exception does not apply to the present action.

### III. CONCLUSION

WHEREFORE, Defendants respectfully request that this Honorable Court reconsider its Order granting Plaintiff's Motion to Remand.

>Respectfully submitted,
>
>*s/ Matthew T. Mitchell*_____
>Robert H. Rutherford (RUT002)
>David A. Elliott (ELL027)
>Matthew T. Mitchell (MIT050)
>
>Attorneys for Defendants

---

[3] E.g., Queen v. American General Finance, Inc., 351 F.Supp.2d 576, 578-80 (S.D. Miss. 2005)("After an improper joinder analysis is conducted, the contractual claims against the out of state defendants survive. Those claims are asserted solely against the out of state defendants inasmuch as only the out of state defendants are in privity of contract with the plaintiffs. ...The requirement of a separate analysis of the contractual claims places this case outside the scope of Smallwood. Accordingly, the Court finds that the Rainwater opinion provides the most persuasive analysis. As a result, the plaintiffs' renewed motion for reconsideration is not well-taken"); accord Wingate v. Kerr-McGee Rocky Mountain Corp., no. 1:04cv513, 2005 WL 161221 at *4 (E.D. Tex. Jan. 26, 2005)(quoting Rainwater, 391 F.3d at 638 (emphasis in original))("Smallwood, however, applies only when *"all* claims against *all* defendants" are barred by a common defense").

<u>**OF COUNSEL**</u>

**BURR & FORMAN LLP**
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 17, 2006, I electronically filed the foregoing Supplement to Defendants' Motion for an Extension of Time to Respond to Plaintiffs' Motion to Remand for the Purpose of Conducting Remand-Related Discovery with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Jere L. Beasley, Thomas J. Methvin, C. Lance Gould, Thomas Julian Butler, David A. Elliott, Robert H. Rutherford, Jeffrey M. Grantham, and John Thomas Aquina Malatesta.

*s/ Matthew T. Mitchell*_____
OF COUNSEL