IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TONY and DOROTHY TURNER, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | CIVILCASE NO. |
| | * | 3:05-CV-753-MHT |
| | * | |
| AMERICAN INTERNATIONAL | * | |
| GROUP, INC; et al., | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO ALTER OR AMEND**

COME NOW the Plaintiffs, by and through their attorneys of record, and provide the following Opposition to Defendants' Motion to Alter or Amend the Court's Order of February 14, 2006, remanding this matter to the Circuit Court of Macon County.

**PROCEDURAL BACKGROUND**

On July 7, 2005, Plaintiffs commenced this action by filing a complaint against Defendants in the Circuit Court of Macon County, Alabama, CV-05-136. On August 8, 2005, Defendants removed the present action to this Court on diversity jurisdiction grounds under 28 U.S.C. § 1332(a). On September 1, 2005, Plaintiffs filed a Motion to Remand arguing against the existence of diversity jurisdiction. On September 9, 2005, Defendants filed a Motion for an Extension of Time to Respond to Plaintiffs' Motion to Remand for the Purpose of Conducting Remand-Related Discovery, and on September 12, 2005, Defendants filed their Opposition to Plaintiffs' Motion to Remand.

On September 13, 2005, this Court entered an Order requiring that all briefs related to Defendants' Motion to Conduct Remand-Related Discovery be filed on or before Friday, September 16, 2005. On September 16, 2005, Plaintiffs filed their Opposition to Defendants' Motion to Conduct Remand-Related Discovery. In that brief, Plaintiffs mentioned the decision in <u>Smallwood v. Illinois Cent. R.R. Co.</u>, 385 F.3d 568 (5th Cir. 2004). Defendants' contend that they did not have an opportunity to respond to that brief or the argument that the "common defense" doctrine precluded Defendants' need to conduct remand-related discovery.

The following Monday, September 19, 2005, the Court entered an Order setting a hearing for Tuesday, September 20, 2005, on all pending motions. During hearing, the Court entertained extensive arguments on both Plaintiffs' Motion to Remand and Defendants' Motion to Conduct Remand-Related Discovery. Defendants contend that at no time during that hearing was the "common defense" doctrine raised. However, that is not Plaintiffs' recollection. Additionally, on February 1, 2006, Defendants filed a Supplement to their Opposition to Plaintiffs' Motion to Remand and on February 7, 2006, Defendants filed a Supplement to their Motion to Conduct Remand-Related Discovery. It is obvious that Defendants had the opportunity to address the "common defense" doctrine in their supplemental filings.

On February 14, 2006, the Court entered an Order remanding this matter to the Circuit Court of Macon County, citing the "common defense" doctrine to hold that the non-diverse individual defendant was not fraudulently joined, and as a result, that the Court could not exercise diversity jurisdiction. As set forth below, the Court properly granted Plaintiffs' Motion to Remand based on the "common defense" doctrine.

## ARGUMENT

As this Court properly held, there is absolutely nothing unique in Defendants' claims of fraudulent joinder that is specific to the non-diverse Defendants. What Defendants are really trying to show is that Plaintiffs have no claims against any Defendant, not just the non-diverse Defendants. As such, the claim of "fraudulent joinder" of a specific Defendant is inappropriate. This is always true when the defenses being cited are really applicable to all defendants. Therefore, the "common defense" rule applies in this case.

Defendants argue that the Eleventh Circuit has not expressly applied the "common defense" rule in its fraudulent joinder analysis. However, that fact is not particularly relevant since the United States Supreme Court has adopted this doctrine and its logical underpinnings. In <u>Chesapeake & Ohio Railway Company v. Cockrell</u>, 232 U.S. 146 (1914), a case in which the United States Supreme Court addressed the "common defense" rule, the Court held that:

> "As no negligent act or omission personal to the railway company was charged, and its liability, like that of the two employees, was, in effect, predicated upon the alleged negligence of the latter, the showing manifestly went to the merits of the action as an entirety, and not to the joinder; that is to say, it indicated that the plaintiff's case was ill founded as to all defendants. Plainly, this was not such a showing as to engender or compel the conclusion that the two employees were wrongfully brought into a controversy which did not concern them. As they admittedly were in charge of the movement of the train, and their negligence was apparently the principal matter in dispute, the plaintiff had the same right, under the laws of Kentucky, to insist upon their presence as real defendants as upon that of the railway company. We conclude, therefore, that the petition for removal was not such as to require the state court to surrender its jurisdiction."

<u>Id.</u> at 280. As was the case in <u>Chesapeake</u>, the basis of this case revolves around the acts and/or omissions of the resident Defendants.

3

This Court delivered a sound analysis of the "common defense" rule and its applicability to the case at hand, noting the Eleventh Circuit has not reached this issue, but other circuits have applied a "common defense rule" to fraudulent joinder claims such as when a defense to liability is common to diverse and non-diverse defendants, fraudulent joinder is not found. This Court properly remanded this action holding that, "the corporate defendants have not shown that the individual defendants were fraudulently joined in light of the common defense rule." To date, Defendants still have not made the requisite showing.

In the well-grounded analysis, this Court aptly noted that the Plaintiffs' "sole claim against the corporate defendants is for negligent and wanton hiring, training and supervision, which requires the finding of underlying tortuous conduct by an employee before the employer can be held liable." (Order at 11) (See Stevenson v. Precision Standard, Inc., 762 So.2d 820, 824 (Ala. 1999)(citing Big B, Inc. v. Cottingham, 634 So.2d 999 (Ala. 1993); Nash v. Segars, 682 So.2d 1364 (Ala. Civ. App. 1996)). This Court properly concluded that, **"the arguments for barring state-tort liability against the non-diverse individual defendants appear to apply equally to preventing liability for the diverse corporate defendants."** (Order at 11). Therefore, the Court's analysis of the "common defense" rule and its applicability to this case logically makes sense, and it necessarily follows that the joinder is not "fraudulent."

Conversely, Defendants attempt to argue that Plaintiffs' negligent and wanton hiring, training and supervision claim is only actionable against the out of state Defendants. However, their analysis is a clear misapplication of the "common defense" rule. Importantly and more distinguishing, this Court correctly noted that there must first

be a finding of underlying tortuous conduct by an employee before the employer can be held liable on a claim for negligent and wanton hiring, training and supervision; therefore, that claim is actionable as to both non-diverse and diverse defendants alike.

In Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004), the full Fifth Circuit recognized that when the basis for fraudulent joinder is really an attack on the merits of the entire case, it is not appropriate to just single out treatment of one or just a few defendants. More particularly, the Court explained that:

> Rather, the basis of its contention that Smallwood could not recover went, in fact, to the entire case, although it was first directed to Smallwood's claims against MDOT. Then, with jurisdiction secured, and with all the force of the "law of the case," this same preemption was directed to the merits of Smallwood's claims against the railroad. A claim of improper joinder by definition is directed toward the joinder of the in-state party, a simple but easily obscured concept. The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper. Nevertheless, when, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit. In such cases, it makes little sense to single out the in-state defendants as "sham" defendants and call their joinder improper. In such circumstances, the allegation of improper joinder is actually an attack on the merits of plaintiff's case as such--an allegation that, as phrased by the Supreme Court in Chesapeake & O.R. Co. v. Cockrell, "the plaintiff's case [is] ill founded as to all the defendants." In reaching this conclusion, we are applying our traditional improper joinder analysis.

Id. (internal citations omitted). The instant action presents the same issue.

Defendants attempt to limit the application of Smallwood by arguing argue that the "common defense" rule has only a narrow scope. However, there is no objective standard or guidelines offered by Defendants as to what this means. Furthermore, since this issue is before the Court on a removal petition, the applicable law clearly provides that any ambiguities are construed against removal and in favor of remand. Pacheo de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998).

Regardless of what Defendants' "narrow scope" argument may suggest, there is no doubt that the "common defense" rule has been applied in several other fraud cases. The Defendants appear to cite <u>Boone v. Citigroup, Inc.</u>, 416 F.3d 382 (5th Cir. 2005) and <u>Rainwater v. Lamar Life Insurance Company</u>, 391 F.3d 636 (5th Cir. 2004), for the proposition that the "common defense" rule should be applied narrowly. But, in <u>Rainwater</u>, **a case involving fraudulent misrepresentation**, the court reiterated that if "the limitations defense in question is dispositive of *all* claims against *all* defendants, then <u>Smallwood</u> would require remand to state court." <u>Id.</u> at 638. Since in this case "the arguments for barring state-tort liability against the non-diverse individual defendants appear to apply equally to preventing liability for the diverse corporate defendants," the joinder is not fraudulent.

In <u>Boone</u>, the appellants (plaintiffs) for some reason, "conceded that the failure of their claims against the resident defendants does not in and of itself cause those of which are not based on respondeat superior liability for the wrongs committed by the resident defendants to fail as well." <u>Id.</u> at 392. However, that is clearly not the case in this action. Contrary to what happened in <u>Boone</u>, the Plaintiffs in this case readily admit that if the claims against the non-diverse Defendants are due to be dismissed and/or are deemed not actionable based on Defendants' statute of limitations argument and reasonable reliance arguments, then all claims against all Defendants are also due to be dismissed. Therefore, since a claim of fraudulent joinder is improper, Plaintiffs' Motion to Remand is due to be granted.

WHEREFORE, Plaintiffs respectfully urge this Honorable Court to deny Defendants' Motion to Alter or Amend and remand this action to the Circuit Court of Macon County, Alabama.

        /s/ Charles Lance Gould
C. LANCE GOULD (GOU007)
Attorney for Plaintiffs

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
Attorneys at Law
Post Office Box 4160
Montgomery, AL 36103-4160
(334) 269-2343
(334) 954-7555 (fax)

# CERTIFICATE OF SERVICE

I hereby certify that I have filed the original of the foregoing document in this Court with copies to be served upon all Counsel of record <u>as listed below</u> by placing a copy of same in the United States Mail, first class, postage prepaid on this the 6th day of March, 2006.


/s/ Charles Lance Gould
OF COUNSEL


**Attorney for Defendants American International Group, Inc. and American General Corporation:**

Jeffrey M. Grantham
John Thomas Aquina Malatesta, III
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203-2618
205-254-1035
Fax: 205-254-1999
Email: jgrantham@mcglaw.com
Email: jmalatesta@maynardcooper.com

**Attorneys for Defendants American General Financial Services, Inc.; American General Financial Services of Alabama, Inc..; Merit Life Insurance Co.; and Yosemite Insurance Company:**

David Elliott
Robert H. Rutherford
Matthew T. Mitchell
BURR & FORMAN LLP
Suite 3100 SouthTrust Tower
420 North 20th Street
Birmingham, AL 35203
Tel:    205-251-3000
Fax:    205-458-5100
Email: delliott@burr.com